IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBIN L. SHEPARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-03423-CV-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Robin L. Shepard seeks judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found that Plaintiff suffered from several severe mental and physical impairments but retained the residual functional capacity ("RFC") to perform work as a wire patcher, final assembler, and document preparer.

Because substantial evidence supports the ALJ's decision, the Commissioner's denial of benefits is AFFIRMED.

**Factual and Procedural Background**

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary. Plaintiff filed her applications on December 5, 2011, alleging a disability onset date of October 20, 2011. The Commissioner denied her applications, and she subsequently requested a hearing with the ALJ. After the hearing, the ALJ affirmed the Commissioner's denial of benefits. Plaintiff sought review from the Appeals Council and

submitted new diagnostic tests regarding her alleged back problems.  In denying review, the Appeals Council explained that the diagnostic tests would not have altered the ALJ's decision because the records concerned her conditions after the relevant time period for disability.  R. at 4-5.  The Appeals Council's denial of review left the ALJ's decision as the final decision.  With all administrative remedies now exhausted, judicial review is appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).  Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact.  *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be

2

expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1]

Plaintiff challenges the ALJ's Step Four determination in numerous respects. First, Plaintiff argues that the ALJ erred in evaluating her credibility. Second, Plaintiff contends that the ALJ erred in his treatment of the opinion evidence. Third, Plaintiff asserts that the new, material evidence submitted to the Appeals Council would have altered the ALJ's ultimate determination. The Court addresses each argument in turn.

**I. Substantial evidence supports the ALJ's credibility analysis.**

Plaintiff first argues that the ALJ erroneously discredited her subjective allegations of pain and mental impairments. This argument lacks merit.

In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including: medical records; statements from the claimant and third parties; the claimant's daily activities; the duration, frequency, and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. 20 C.F.R. §§ 404.1529, 416.929; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). When the ALJ articulates inconsistencies that undermine the claimant's subjective complaints and those inconsistencies are supported by the record, the ALJ's credibility determination should be affirmed. *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004).

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

The ALJ conducted a thorough, well-supported, and evenhanded credibility analysis. First, the ALJ documented the inconsistency between Plaintiff's allegations of disabling limitations and her daily activities. R. at 29. For instance, Plaintiff reported that she cares for her 10-year-old son, washes dishes and laundry, vacuums, plants flowers, shops, and handles her finances. R. at 214-18, 322-23. These activities undermine her allegations of disabling limitations, and thus, the ALJ properly factored them into his credibility analysis. *See McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (noting that an ALJ may consider a claimant's daily activities in evaluating her credibility).

Second, the ALJ observed that the objective medical records did not support the alleged severity of Plaintiff's mental and physical impairments. R. at 28-29. Diagnostic reports, physical examinations, and mental status examinations suggested that Plaintiff's mental and physical ailments did not result in significant functional limitations. R. at 313-14, 316-17, 323-24, 359-61, 363-68, 370-73, 378, 396-97, 402-04, 406. The ALJ properly discounted Plaintiff's credibility based on this lack of corroboration. *See Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003) (holding that an ALJ may discount subjective complaints that conflict with medical records).

Third, the ALJ noted that Plaintiff lost her job as a nurse because she failed a drug test—not because of her disabling impairments—and that she had exhibited potential drug-seeking behavior. R. at 29-30. The record supports these observations, R. at 149, 156, 199-200, 322, 331-32, 337, 342-44, 346-47, 349, 381, and each reason supplies a valid basis for the ALJ to discount Plaintiff's credibility. *See Anderson v. Shalala*, 51 F.3d 777, 780 (8th Cir. 1995) (holding that drug-seeking behavior may detract from claimant's credibility); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) (holding that claimant being laid off from last job before claiming disability was relevant to the credibility analysis).

But the ALJ did not solely focus upon these credibility detractors. He also noted Plaintiff's good work history. R. at 30. This evenhanded analysis further supports the soundness of the ALJ's credibility determination. Since the ALJ conducted a thorough, well-supported, and evenhanded analysis, he did not err.

**II. The ALJ did not err in weighing the opinion evidence.**

Plaintiff contends that the ALJ erred in discounting the physical limitation opinions of Michael Ball, D.O. ("Dr. Ball") and Charles Mauldin, M.D. ("Dr. Mauldin"). Plaintiff also argues that the ALJ erroneously discredited the mental limitation opinions of Dr. Ball and provisionally licensed professional counselor Marcella Fleetwood ("Ms. Fleetwood"). The Court addresses each challenge in turn.

**A. The ALJ properly discounted Drs. Ball's and Mauldin's opinions and did not err in failing to order a consultative examination after doing so.**

In challenging the treatment of Drs. Ball's and Mauldin's opinions, Plaintiff ignores numerous valid reasons the ALJ gave for discrediting them. As for Dr. Ball, Plaintiff incorrectly characterizes him as her "treating physician," but Dr. Ball only examined Plaintiff on two occasions. R. at 310, 353. Considering the brevity of this relationship, Dr. Ball was not entitled to the deference afforded to "treating" sources. *See Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (finding that medical source who had only met with the claimant three times prior to penning a disability opinion was not a "treating source" under the regulations). More importantly, Dr. Ball's opinion clashed with the objective medical evidence, consisted of a conclusory checklist with no narrative discussion, and conflicted with Plaintiff's daily activities. R. at 214-18, 277-80, 313-14, 316-17, 380, 413. These deficiencies support the ALJ's decision to give Dr. Ball's opinion little weight. *See Cline v. Colvin*, 771 F.3d 1098, 1103-04 (8th Cir. 2014) (holding that ALJ may discount a physician's opinion if it is inconsistent with other,

5
Case 6:14-cv-03423-DGK   Document 14   Filed 09/04/15   Page 5 of 8

But the ALJ did not solely focus upon these credibility detractors. He also noted Plaintiff's good work history. R. at 30. This evenhanded analysis further supports the soundness of the ALJ's credibility determination. Since the ALJ conducted a thorough, well-supported, and evenhanded analysis, he did not err.

**II. The ALJ did not err in weighing the opinion evidence.**

Plaintiff contends that the ALJ erred in discounting the physical limitation opinions of Michael Ball, D.O. ("Dr. Ball") and Charles Mauldin, M.D. ("Dr. Mauldin"). Plaintiff also argues that the ALJ erroneously discredited the mental limitation opinions of Dr. Ball and provisionally licensed professional counselor Marcella Fleetwood ("Ms. Fleetwood"). The Court addresses each challenge in turn.

**A. The ALJ properly discounted Drs. Ball's and Mauldin's opinions and did not err in failing to order a consultative examination after doing so.**

In challenging the treatment of Drs. Ball's and Mauldin's opinions, Plaintiff ignores numerous valid reasons the ALJ gave for discrediting them. As for Dr. Ball, Plaintiff incorrectly characterizes him as her "treating physician," but Dr. Ball only examined Plaintiff on two occasions. R. at 310, 353. Considering the brevity of this relationship, Dr. Ball was not entitled to the deference afforded to "treating" sources. *See Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (finding that medical source who had only met with the claimant three times prior to penning a disability opinion was not a "treating source" under the regulations). More importantly, Dr. Ball's opinion clashed with the objective medical evidence, consisted of a conclusory checklist with no narrative discussion, and conflicted with Plaintiff's daily activities. R. at 214-18, 277-80, 313-14, 316-17, 380, 413. These deficiencies support the ALJ's decision to give Dr. Ball's opinion little weight. *See Cline v. Colvin*, 771 F.3d 1098, 1103-04 (8th Cir. 2014) (holding that ALJ may discount a physician's opinion if it is inconsistent with other,

substantial medical evidence); *Gonzalez v. Barnhart*, 465 F.3d 890, 896 (8th Cir. 2006) (holding that ALJ may discount physician's medical opinion based on an inconsistency with the claimant's daily activities); *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (holding that ALJ may discount physician's opinion if it consists of nothing more than a conclusory checklist form).

Dr. Mauldin's opinion was equally discountable. Dr. Mauldin simply remarked, "[Plaintiff] is unable to be gainfully employed for at least 12 months but should improve in the future." R. at 314. Dr. Mauldin provided no explanation for this conclusion, nor did he assess any specific functional limitations. R. at 313-18. As the ALJ noted, this conclusory and vague opinion was entitled to little, if any, weight in the disability determination. *Cf. Wildman*, 596 F.3d at 964. Even more damaging, Dr. Mauldin's opinion was arguably inconsistent with his physical examination notes. Although he found her disabled, he noted that she displayed a full range of motion, normal gait, full strength and reflexes in her arms and legs, and no difficulties in balance or coordination. R. at 313-17. This inconsistency further detracts from the force of his opinion. *See Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009) (holding that the ALJ may discount a physician's opinion if it is inconsistent with his treatment notes). The ALJ, thus, did not err in giving Dr. Mauldin's opinion no weight.

Plaintiff argues that even if the ALJ properly discounted these opinions, he should have then ordered a consultative examination. The Court disagrees. A consultative examination is only necessary when the record lacks sufficient evidence on a crucial issue of disability. *See* 20 C.F.R. §§ 404.1519, 404.1519a, 416.919, 416.919a (suggesting a consultative examination may be necessary if the record contains insufficient evidence on the issue of a claimant's ability to function in the workplace); *cf. Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012) ("Failing to develop the record is reversible error when it does not contain enough evidence to determine the

6

Case 6:14-cv-03423-DGK   Document 14   Filed 09/04/15   Page 6 of 8

impact of a claimant's impairment on his ability to work."). Here, the ALJ had sufficient record evidence—including extensive medical records, Plaintiff's allegations, and third-party statements—to formulate Plaintiff's RFC. Accordingly, no consultative examination was required.

Since the ALJ properly discounted the opinions of Drs. Ball and Mauldin and still possessed enough record evidence to assess Plaintiff's limitations, the Court finds no error here.

### B. The ALJ did not err in discounting Dr. Ball's or Ms. Fleetwood's opinions on Plaintiff's mental impairments.

Much like his treatment of Drs. Ball's and Mauldin's physical limitation opinions, the ALJ also properly discounted the mental limitation opinions of Ms. Fleetwood and Dr. Ball. As for Ms. Fleetwood's opinion, it was inconsistent with the objective observations in her treatment notes. For instance, despite noting disabling mental limitations, Ms. Fleetwood documented that Plaintiff's mental impairments responded well to treatment, she suffered no memory problems, and she exhibited limited issues with judgment, focus, attention, concentration, impulse control, and awareness. R. at 359, 361, 363-64, 366-68, 370, 373, 378, 380. These inconsistencies allowed the ALJ to discount Ms. Fleetwood's opinion. *See Davidson*, 578 F.3d at 843.

With respect to Dr. Ball, the ALJ properly considered his lack of expertise in diagnosing psychological problems. *See* 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5). More importantly, the extreme limitations noted in his opinion conflicted with Ms. Fleetwood's treatment notes and found no support from his treatment notes. R. at 310, 353, 361, 363-64, 366-68, 370, 373, 378, 380. These deficiencies supported the ALJ's decision to discount Dr. Ball's opinion. *See Cline*, 771 F.3d at 1103-04; *Halverson v. Astrue*, 600 F.3d 922, 930 (8th Cir. 2010).

The existence of an opinion from examining psychologist Robert Forsyth, Ph.D. ("Dr. Forsyth") also supports the ALJ's rejection of Dr. Ball's and Ms. Fleetwood's opinions. Unlike

their opinions, Dr. Forsyth's opinion was consistent with his examination notes and other record evidence. R. at 321-24. Moreover, his opinion provides a thorough narrative describing Plaintiff's medical history, her daily activities, and the results of her mental status examination. R. at 322-24. The ALJ properly embraced this better supported and explained opinion over those of Dr. Ball and Ms. Fleetwood. *Cf. Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) ("An ALJ may discount or disregard a treating physician's opinion where other medical assessments are supported by better or more thorough medical evidence." (internal quotation marks omitted)).

Since the ALJ properly weighed the opinion evidence regarding Plaintiff's mental impairments, there is no merit to this argument.

### III. Plaintiff's diagnostic tests do not constitute "new" evidence.

Plaintiff finally argues that the Court must remand this case for the ALJ to reconsider her application in light of her most recent MRIs and X-rays. The Court disagrees.

When evidence is submitted for the first time to the Appeals Council, the Court must determine whether the evidence is new and material, and if so, whether the ALJ's decision is still supported by substantial evidence on the record as whole in light of this evidence. *See Perks v. Astrue*, 687 F.3d 1086, 1094 (8th Cir. 2012). "To be 'new,' evidence must be more than merely cumulative of other evidence in the record." *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000). Here, the evidence is not "new" because it is cumulative of prior tests showing minor structural abnormalities in Plaintiff's back. R. at 14-16, 415. Thus, remand is not required.

### Conclusion

For the foregoing reasons, the Commissioner's denial of benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date: September 4, 2015      /s/ Greg Kays
                             GREG KAYS, CHIEF JUDGE
                             UNITED STATES DISTRICT COURT